Jose Antonio Arroyo RIVERA; Maria
Flavia Arroyo, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 06–70161, 06–71751.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

Tucker Sandler, Esq., Mann & Cook,
Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Ernesto H. Molina, Jr., Esq., DOJ—U.S.
Department of Justice Civil Div./Office of
Immigration Lit., Washington, DC, for Re-
spondent.

Before: LEAVY, RYMER, and T.G.
NELSON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Jose An-
tonio Arroyo Rivera and his wife Maria
Flavia Arroyo seek review of the Board of
Immigration Appeals' ("BIA") order dis-
missing their appeal from an immigration
judge's ("IJ") order denying their applica-
tions for cancellation of removal, and the
BIA's order denying their motion to re-
open removal proceedings. We dismiss
the petitions for review.

We lack jurisdiction to review the agen-
cy's discretionary determination that the
petitioners failed to show exceptional and
extremely unusual hardship to a qualifying
relative. See Romero–Torres v. Ashcroft,
327 F.3d 887, 892 (9th Cir.2003). The
petitioners' contentions that the BIA failed
to consider all relevant hardship evidence,
failed to adequately review the IJ's deci-
sion and failed to adequately explain its
December 13, 2005 decision are not sup-
ported by the record and do not amount to
colorable due process claims. See Mar-
tinez–Rosas v. Gonzales, 424 F.3d 926, 930
(9th Cir.2005) ("[T]raditional abuse of dis-
cretion challenges recast as alleged due
process violations do not constitute color-
able constitutional claims that would in-
voke our jurisdiction.").

The evidence the petitioners submitted
with their motion to reopen concerned the
same basic hardship grounds as their ap-
plications for cancellation of removal. See
Fernandez v. Gonzales, 439 F.3d 592, 602–
03 (9th Cir.2006). We therefore lack juris-
diction to review the BIA's discretionary
determination that the evidence would not
alter its prior discretionary determination
that the petitioners failed to establish the
requisite hardship. See id. at 600 (holding
that 8 U.S.C. § 1252(a)(2)(B)(i) bars this
court from reviewing the denial of a mo-
tion to reopen where "the only question
presented is whether [the] new evidence
altered the prior, underlying discretionary
determination that [the petitioner] had not

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

met the hardship standard.") (Internal quotations and brackets omitted). Our conclusion that we lack jurisdiction to review the BIA's determination that the petitioners' evidence did not warrant reopening forecloses their arguments that the BIA denied them due process by failing to consider and address the entirety of the evidence they submitted with the motion to reopen and by failing to adequately explain its reasons for denying the motion to reopen. *See Fernandez,* 439 F.3d at 603–04.

We do not consider petitioners' contentions that the evidence submitted with the motion to reopen was previously unavailable because the BIA's conclusion that the evidence would not alter the hardship determination is dispositive.

**PETITIONS FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.